## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **WET SOUNDS, INC.** | § | |
| | § | |
| **V.** | § | A-17-CV-141-LY |
| | § | |
| **AUDIO FORMZ, LLC** | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 10); Plaintiff's Response (Dkt. No. 16); and Defendant's Reply (Dkt. No. 21). On August 30, 2017, the District Court referred the above-matter to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B), FED. R. CIV. P. 72 and Rule 1(d) of Appendix C of the Local Rules. Also before the Court are Defendant's Motion under Rule 37 to Compel Responses to Discovery (Dkt. No. 11), Plaintiff's Response (Dkt. No. 17) and Defendant's Reply (Dkt. No. 22), which were referred to the undersigned for resolution.

### I.  GENERAL BACKGROUND

Plaintiff Wet Sounds, Inc. is a Texas corporation with its principal place of business in Harris County, Texas. It manufactures and distributes high-end marine audio speakers throughout Texas and the United States. Defendant Audio Formz, LLC is a Texas limited liability company with its principal office in Van Zandt County, Texas. It also manufactures and distributes high-end marine audio speakers. Wet Sounds manufactures several lines of speakers (XS, SW, REV and ICON) which all have an "inherently distinctive design featuring an iron cross faceplate" and come with optional LED lighting around the speaker. Dkt. No. 1-1 at 3. Wet Sounds contends that "[t]he

combination of features make the Wet Sounds speakers immediately recognizable for anyone with knowledge of the products available in the industry." *Id.* Wet Sounds alleges that Audio Formz has manufactured and marketed a line of speakers (EVO and EVOPRO) clearly intended to look just like Wet Sounds' speakers described above, including the iron cross faceplate and optional LED lighting.

Wet Sounds thus filed suit against Audio Formz in the 200th Judicial District of Travis, County, Texas, alleging trade dress infringement and dilution, in violation of the Lanham Act, 15 U.S.C. § 1125(a) and TEX. BUS. & COM. CODE § 16.103, and unjust enrichment. Though it is located in Houston, Texas, Wet Sounds filed this lawsuit in Travis County, because it contends one of its officers, Tim White, lives in Georgetown, Texas, and two of its attorneys have offices in Travis County.[1] Audio Formz removed the case to this court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331 and § 1338. Audio Formz moves to transfer this case under 28 U.S.C. § 1404(a) to the Tyler Division of the Eastern District of Texas.

## II.  STANDARD OF REVIEW

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "There can be no question but that the district courts have broad

---

[1] Although Wet Sounds contends that its "longtime corporate attorney Rick Akin maintains an office in this district," Mr. Akin is not an attorney of record in this case. Moreover, according to his declaration, Mr. Akin has maintained his permanent residence in Steamboat Springs, Colorado, since 1996. *See* Dkt. No. 16 at 8-9.

discretion in deciding whether to order a transfer" under § 1404(a). *In re Volkswagen of Am., Inc.* (*"Volkswagen II"*), 545 F.3d 304, 313–15 (5th Cir. 2008) (internal quotation marks omitted), *cert. denied*, 555 U.S. 1172 (2009).

The starting point on a motion for transfer of venue is determining whether the suit could have originally been filed in the destination venue. *Id.* at 312. If it could have, the focus shifts to whether the party requesting the transfer has demonstrated the "convenience of parties and witnesses" requires transfer of the action, considering various private and public interests. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. Although the *Gilbert* factors are "appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." In fact, the Fifth Circuit has noted "none . . . can be said to be of dispositive weight." *Volkswagen II*, 545 F.3d at 313–15 (internal quotations omitted). Despite the wide array of private and public concerns, a court must engage in a "flexible and individualized analysis" in ruling on a motion to transfer venue. *Stewart*, 487 U.S. at 29. Transfer under § 1404(a) requires a lesser showing of inconvenience than transfer based on forum non conveniens. *Volkswagen II*, 545 F.3d at 314. The movant need not

show the *Gilbert* factors substantially outweigh the plaintiff's choice of venue—it is enough to show the new venue is clearly more convenient than the original one.

Lastly, it is important to note that the plaintiff's choice of venue is not a factor in this analysis, but rather contributes to the defendant's burden to show good cause for the transfer. *Volkswagen II*, 545 F.3d at 313 & 314 n.10 "[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege." *Id.* "[W]hen a plaintiff is not a resident of the chosen forum, or the operative facts underlying the case did not occur in the chosen forum, the court will not give as much deference to a plaintiff's choice." *Apparel Prod. Servs. Inc. v. Transportes De Carga Fema, S.A.*, 546 F. Supp.2d 451, 453 (S.D. Tex. 2008).

### III. Application of § 1404(a) Factors

#### A.  Destination Venue

The first question the Court must address when considering a motion to transfer venue under 28 U.S.C. § 1404(a) is whether the suit originally could have been filed in the destination venue, in this case, the Eastern District of Texas. Wet Sounds concedes that this federal trademark lawsuit could have been filed in the Eastern District of Texas. *See* Dkt. No. 16 at 2.

#### B.  Private Interest Factors

##### 1.  Relative ease of access to sources of proof

The first private interest factor is the relative ease of access to sources of proof. *Volkswagen II*, 545 F.3d at 315. In this trademark lawsuit, Wet Sounds alleges that Audio Formz designed its products, its website and its advertising and promotional materials to resemble Wet Sounds' speakers, all with the intent to confuse the public. Wet Sounds concedes that the critical evidence

in this trademark lawsuit "includes the speakers themselves, documentary evidence regarding the parties' advertising, their distribution and reach, and the Defendant's intent in adopting and promoting the infringing designs." Dkt. No. 16 at 3. Because Audio Formz is located in the Eastern District of Texas, all of this "critical" evidence would be located there. Wet Sounds has failed to identify any relevant documents that are located in the Western District of Texas.

While Wet Sounds does not dispute that the relevant evidence in this case is located in the Eastern District of Texas, it nevertheless argues that this factor does not favor transfer since document production has been done electronically in this case and thus this factor is neutral. In *Volkswagen II*, the Fifth Circuit clarified that despite technological advances that make the physical location of documents less significant, the location of sources of proof remains a "meaningful factor in the analysis." 545 F.3d at 316. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Id.* Moreover, in infringement cases "the bulk of the relevant evidence usually comes from the accused infringer" and, therefore, "the place where the defendant's documents are kept weigh in favor of transfer to that location." *Millennium, L.P. v. Hyland Software, Inc.*, 2003 WL 22928644, at *4 (S.D.N.Y. Dec. 10, 2003); *see also, DataQuill, Ltd. v. Apple Inc.*, 2014 WL 2722201, at * 3 (W.D. Tex. June 13, 2014) ("The Federal Circuit has observed that '[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer,' and therefore the location of the defendant's documents tends to be the more convenient venue") (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)). All of the relevant documentary evidence in this case appears to be located in the Eastern District of Texas where Audio

Formz is located and none is located in the Western District of Texas. Accordingly, this factor favors transfer.

### 2. Availability of compulsory process

The second private interest factor is the availability of compulsory process to secure the attendance of nonparty witnesses. This factor refers to Federal Rule of Civil Procedure 45, which addresses the court's subpoena power. Under that Rule, the court can compel a person to attend a trial, hearing, or deposition within 100 miles of where the person resides, is employed, or regularly transacts business. FED. R. CIV. P. 45(c)(1)(A). The court can also require parties or party officers to attend a trial, hearing, or deposition anywhere in the state where the person resides, is employed, or regularly conducts business. FED. R. CIV. P. 45(c)(1)(B)(i). Finally, the court can require a nonparty witness to travel more than 100 miles within the state where they reside, are employed, or regularly transact business only if they would not, as a result, incur "substantial expense." FED. R. CIV. P. 45(c)(1)(B)(ii). The only third party witnesses that have been identified by Wet Sounds in this case are located outside the subpoena power of the Western District of Texas. Accordingly, this factor favors transfer.

### 3. Cost of attendance for willing witnesses

As the Fifth Circuit explained in *Volkswagen I*, 371 F.3d at 205, if the distance between the proposed venue and the current venue is more than 100 miles, the factor of inconvenience increases in direct relationship to the distance traveled. As the Court reasoned:

> Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment. Furthermore, the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets

>increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour.

*Id.* Wet Sounds has only identified one witness—Tim White, President of Wet Sounds, who resides within 100 miles of the Austin Division. All other witnesses identified by Wet Sounds are located in Houston, Texas and/or closer to the Eastern District of Texas than the Western District of Texas. *See* Dkt. No. 10-1 at 3-5 (Declaration of John Cone). Moreover, the majority of the witnesses identified by Audio Formz that are located in the United States are located in the Eastern District of Texas or closer to the Eastern District than the Western District. Accordingly, this factor weighs in favor of transfer.

4. All other practical problems

Finally, the Court is to examine "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.3d at 203. There does not appear to be anything about trying the case in the Western District of Texas that would make it easy, expeditious or inexpensive for the majority of the parties and witnesses in this case. Wet Sounds argues that it would be more convenient for it to try the case in the instant forum since its attorney and one of its officers is located in this forum. However, "[t]he word 'counsel' does not appear anywhere in § 1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)." *Id.* at 206. *See also, In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) (finding that the "factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue."). Moreover, the Court will not give deference to a plaintiff's choice of forum when the plaintiff is not a resident of the chosen forum and the underlying facts of the case did not occur in the chosen forum as in this case. *See Apparel,* 546

F. Supp.2d at 453. Finally, because the Eastern District of Texas is the forum where the majority of the parties and witnesses are located (or at least located closer than the Western District), as well as the location of the events giving rise to this lawsuit, the Court finds that a transfer would minimize the inconvenience to all involved in the case. Accordingly, the private factors favor transfer to the Eastern District of Texas.

C.      **Public Interest Factors**

The public interest factors include the administrative difficulties flowing from court congestion, the local interest in having localized interests decided at home, the familiarity of the forum with the law that will govern the case, and avoidance of unnecessary problems of conflict of laws. All of these public factors are neutral or irrelevant in this case except for the local interest in having localized interests decided at home.

"Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206. The focus of the inquiry is the relative connection of the localities to the events giving rise to this suit and their corresponding interests in the resolution of this controversy. *See Volkswagen II*, 545 F.3d at 318. Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See Volkswagen II*, 545 F.3d at 318.

The Western District of Texas does not have a strong interest in this case because none of the events giving rise to this lawsuit occurred here and neither party is located in this forum. In contrast, Audio Formz's headquarters and operations are located in the Eastern District of Texas and it has been accused of trademark infringement. The citizens in the Eastern District of Texas have a direct interest in this lawsuit. *See Volkswagen I*, 371 F.3d at 206 (finding that "the 'local interest

8

in having localized interests decided at home,' weighs heavily in favor of the Western District of Texas."). Accordingly, this factor also favors transfer.

Weighing all of the private and public factors, the Court finds that the Eastern District of Texas is clearly a more convenient venue for this case than the Austin Division of the Western District of Texas. Accordingly, this case should be transferred to the Eastern District of Texas, Tyler Division, pursuant to 28 U.S.C. § 1404(a). Because the Court is recommending that this case be transferred to the Eastern District of Texas, the Court also recommends that the district judge defer ruling on the Defendant's Motion to Compel (Dkt. No. 11), so that the court which will preside over the merits of the case may address it.

## IV.  RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Transfer (Dkt. No. 10) and **TRANSFER** this case to the Eastern District of Texas, Tyler Division, pursuant to 28 U.S.C. § 1404(a).

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 11th day of October, 2017.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE